# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TINNUS ENTEPRISES, LLC, | ) |
| and | ) |
| ZURU LTD., | ) Civ. Action No. 6:15-CV-00551 |
| Plaintiffs, | ) |
| v. | ) |
| TELEBRANDS CORP., | ) |
| PROMETHEUS BRANDS, LLC | ) |
| and | ) |
| BED BATH & BEYOND INC. | ) |
| Defendants. | ) |

**DECLARATION OF ANNA MOWBRAY IN SUPPORT OF THE
PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

I, Anna Mowbray, declare:

1. I am the Chief Operating Officer of ZURU Ltd. ("ZURU"). I make this declaration in support of the Plaintiffs' Motion for a Preliminary Injunction in the above-captioned matter. I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify to them under oath.

2. In August 2014, ZURU and Josh Malone, the inventor of the Bunch O Balloons product, began negotiations to partner with each other for the manufacture, marketing, and sale of the Bunch O Balloons product. Mr. Malone is the founder of a company named Tinnus Enterprises, LLC ("Tinnus").

1

3. On or about August 19, 2014, Tinnus and ZURU entered into an exclusive license agreement wherein Tinnus, as the licensor, agreed to license to ZURU use on a worldwide basis any present or future patent rights owned by Tinnus relating to the Bunch O Balloons product.

4. In mid-December 2014, ZURU learned that Telebrands was advertising and offering for sale a copy of the Bunch O Balloons product. Telebrands called its product "Balloon Bonanza."

5. ZURU determined that it was an unauthorized copy of the Bunch O Balloons product. ZURU never authorized Telebrands to copy the Bunch O Balloons product or offer any such copy for sale. ZURU believes the Balloon Bonanza product is virtually an exact replica of the Bunch O Balloons product.

6. In light of what ZURU had learned above, ZURU sent a cease and desist letter to Telebrands by e-mail (using the e-mail address marketing@telebrands.net) on December 16, 2014.

7. Telebrands did not comply with ZURU's cease and desist letter. Instead, Telebrands continued (and still continues) to aggressively market Balloon Bonanza via television and internet. Telebrands has also sold (and now presently sells) Balloon Bonanza online and in stores.

8. Bunch O Balloons was originally sold at approximately $17. To compete with the cheaper price of Balloon Bonanza, which was advertised by Telebrands at $10 and $12.99, ZURU lowered the $17 price of Bunch O Balloons from about $17 to $12.99 for direct order and $9.99 for retail stores.

9. Given a choice, ZURU would have sold Bunch O Balloons at about $12.99 in retail stores if it was not competing with Balloon Bonanza.

10. ZURU has received numerous emails and/or communications from customers which show that customers mistakenly believe that ZURU sells Balloon Bonanza. ZURU does not sell Balloon Bonanza. Similarly, ZURU has received emails and/or communications from customers which show that customers are dissatisfied with the Balloon Bonanza product. ZURU has also received emails and/or communications from customers which mistakenly accuse ZURU of failing to ship the Balloon Bonanza product.

11. Based on emails, communications, online reviews, and online comments, ZURU believes that consumers (1) mistakenly believe that Telebrands and ZURU are the same entity; (2) mistakenly believe that Bunch O Balloons and Balloon Bonanza are the same product; and (3) mistakenly believe that Telebrands's Balloon Bonanza product was made by ZURU. Based on the aforementioned emails, communications, online reviews, online comments, and ZURU's own inspection of Balloon Bonanza, ZURU reasonably believes Balloon Bonanza to be a low-quality product that uses low-quality parts. As a result of Telebrands's failure to ship the product (or delayed shipment of the product), the low-quality parts that Telebrands uses, and Telebrands's poor customer service—and the negative complaints arising thereof—ZURU believes it has been severely harmed by Telebrands and its Balloon Bonanza product. More specifically, ZURU believes that Telebrands has severely harmed the reputation and goodwill of both ZURU and its Bunch O Balloons product.

12. By not timely delivering a product—and by delivering a low-quality product when it is shipped—ZURU believes that Telebrands has not only reduced demand for its own product, Balloon Bonanza, but also reduced demand for ZURU's product, Bunch O Balloons. ZURU believes that bad word of mouth arising from Telebrands's poor quality product and poor customer service has similarly reduced demand for Bunch O Balloons.

13. Additionally, ZURU believes that Telebrands's Balloon Bonanza (as it is a virtual copy of Bunch O Balloons) directly competes with ZURU's own product, Bunch O Balloons.

14. As a result of Telebrands's direct competition with ZURU relating to Bunch O Balloons, ZURU believes it has lost potential business relationships with potential partners. Similarly, ZURU believes that Telebrands, by competing directly with ZURU, has severely strained existing business relationships. Additionally, ZURU believes that Telebrands's Balloon Bonanza has caused ZURU to not only lose potential business opportunities, but also to lose opportunities to strengthen already-existing business relationships.

15. ZURU believes that Telebrands and its Balloon Bonanza product have prevented ZURU from establishing a dominant market position and mindshare relating to Bunch O Balloons.

16. ZURU strongly believes that if a preliminary injunction is not entered against the defendants as relating to the Balloon Bonanza product, ZURU's reputation, goodwill, and present and future business opportunities will continue to be severely harmed and hampered.

17. On June 9, 2015, the United States Patent and Trademark Office issued U.S. Patent No. 9,051,066 ("'066 Patent"), which I understand protects the Bunch O Balloons product.

18. ZURU has brought the above-styled action against the defendants because ZURU reasonably believes that they have infringed the '066 patent.

19. ZURU has filed this preliminary injunction motion because it reasonably believes that Telebrands and its infringing Balloon Bonanza product have severely harmed ZURU and its ability to sell Bunch O Balloons.

20. ZURU reasonably believes that time is of the essence for this preliminary injunction motion because Bunch O Balloons is a new product which is seasonal. ZURU believes that this first summer at market is critical in establishing a market position.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 18th, 2015 in Guangzhou of the People's Republic of China.

_____
ANNA MOWBRAY