**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **TINNUS ENTERPRISES, LLC, ET AL.** | § § § | |
| **Plaintiffs** | § § | **CASE NO. 6:15cv551-RWS-JDL** |
| vs. | § § | |
| **TELEBRANDS CORPORATION, ET AL.** | § § § | |
| **Defendants** | § § | |

**AMENDED SCHEDULING ORDER**

The above-styled case has been referred to the undersigned. As such, the Court orders the parties to appear for a scheduling/status conference on August 28, 2015 at 9:30 a.m.[1] In addition, the parties are to submit an up-to-date Docket Control Order (using the template dated 3.18.15) and Discovery Order (using the template dated 8.27.13) <u>taken from the undersigned's website</u> no later than 9:00 a.m. two days prior to the above date.[2] The parties shall also submit an agreed order related to the discovery and production of electronically stored information (ESI),[3] and a Protective Order.[4] If the parties cannot agree to the terms of the Discovery Order, Docket Control Order, and any issues related to ESI and/or Protective Order, the parties may submit their disputes by the deadline outlined above.[5] In patent cases, the parties shall submit the Model Order Focusing on Patent Claims and Prior Art to Reduce Costs ("Phased Limits

---

[1] The Docket Control Order, Discovery Order, ESI Order, Protective Order and Phased Limits Order will hereinafter be referred to collectively as "Foundational Orders".

[2] Consent to the undersigned will be discussed at the scheduling conference. If all parties execute the consent form which can be found on the undersigned's website and submit the Foundational Orders by the date outlined above, the parties will not be required to attend the scheduling/status conference.

[3] Parties may refer to the Court's website under Forms & Applications for a copy of the Order Regarding E-Discovery in Patent Cases.

[4] The parties may refer to Judge Love's website for a sample protective order.

[5] In the event that the parties do not believe issues regarding ESI or protective orders will arise, the parties need not submit such documents, but shall notify the Court that such orders will not be necessary.

Order") attached to General Order 13-20. If the parties cannot agree to the terms of the Phased Limits Order or wish to propose a modification by agreement, the parties may submit their disputes or modifications by the deadline outlined above.[6] Additionally, in patent cases, the parties should be prepared to discuss the potential of "Track B", case management.[7] If Track B is elected pursuant to General Order 14-3[8], the Court will enter the Track B Initial Patent Case Management Order and the Markman Track B Schedule which can be found on the undersigned's website and the parties will not be required to attend the scheduling conference; however, if the parties do not consent, that issue will be addressed at the subsequent management conference, set forth in the Markman Track B Schedule. If the parties do not select Track B and submit agreed versions of the Foundational Orders by the deadline set forth above, the parties are also required to submit the reasons for their refusal of Track B. The submission may be made under seal or *in camera*.

The following dates shall be incorporated into the Docket Control Order:

| | |
|---|---|
| Early Damages Expert | April 14, 2016 at 9:00 a.m. before Judge John Love; |
| Markman | June 16, 2016 at 9:00 a.m. before Judge John Love; |
| Dispositive Motion Deadline | October 21, 2016; |
| Pre-Trial Conference | March 2, 2017 at 9:00 a.m. before Judge John Love; |
| Jury Selection | March 20, 2017 at 9:00 a.m. before Judge Robert W. Schroeder, III; and |
| Jury Trial | March 27, 2017 at 9:00 a.m. before Judge Robert W. Schroeder, III. |

---

[6] The Phased Limits Order is attached to General Order 13-20. The Court will enter the Phased Limits Order or a modification thereof.
[7] See General Order 14-3 on the Court's website.
[8] The parties do not need to submit the Foundational Orders.

In addition, on the date the Foundational Orders and consent form are due, the parties shall submit the name of an agreed mediator, or in the alternative, competing proposals for mediators or a reason why this case would not benefit from mediation. Further, if Plaintiff intends to file additional related cases, it shall file a notice indicating as such by the same deadline.

The Court further **ORDERS** as follows:

1. Unrepresented parties are bound by the requirements imposed upon counsel in this order.

2. Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u>. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel must promptly file an amended certificate with the clerk.

3. Absent agreement, depositions of witnesses will not be taken until after the scheduling conference. Following the conference, the Court will enter a Docket Control Order and Discovery Order establishing parameters of discovery and setting deadlines controlling disposition of the case.

4. The use of fictitious names is disfavored by federal courts. *Doe v. Blue Cross & Blue Shield*, 112 F.3d 869 (7th Cir. 1997). Notice is given that the Court will enter an order dismissing all fictitious parties, if any, following the Scheduling Conference. Dismissal is without prejudice to take advantage of the provisions of Federal Rule of Civil Procedure 15(c).

5. Plaintiff's counsel must immediately notify the Court upon settlement.

6. Failure to comply with this order invites sanctions, including, as appropriate, dismissal of the action or default judgment and assessment of fees and costs. *See* Fed. R. Civ. P. 16(f).

**So ORDERED and SIGNED this 21st day of July, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE