**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, ) | |
| and ) | |
| ZURU LTD., ) | Civ. Action No. 6:15-CV-00551 |
| Plaintiffs, ) | **ORAL ARGUMENT REQUESTED** |
| v. ) | |
| TELEBRANDS CORP., ) | |
| and ) | |
| BED BATH & BEYOND INC. ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION**
**TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………………. ii

A. The Defendants Have Infringed the Valid '066 Patent ………………………………….. 1

    1.  The Defendants Do Not Deny that They Infringe the '066 Patent ………………………….. 1

    2.   A Full-Blown *Markman* Hearing Is Not Necessary for "Likelihood of Success" ………. 2

    3.  Defendants Do Not Meet Their Heavy Double-Burden Regarding Validity ……………. 2

B. The Defendants Fail to Refute the Plaintiffs' Showing of Irreparable Harm ……………..... 4

## TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Andrx Pharms. Inc.*, 473 F.3d 1196, 1201 (Fed. Cir. 2007) ……………………… 3

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984) ………... 3

*Andrew Corp. v. Gabriel Electronics, Inc.*, 847 F.2d 819, 822 (Fed. Cir. 1988) ……………….. 3

*Apple, Inc. v. Samsung Elecs.. Co.*, 932 F. Supp. 2d 1076, 1083, 2013 U.S. Dist. LEXIS 13237, at *25 (N.D. Cal. 2013) …………………………………………………………………………. 3

*Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ……………………… 4

*Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1384 (Fed. Cir. 1986) ……….. 3

*Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14-cv-3103 (SRN/FLN), 2015 U.S. Dist. LEXIS 57370, *51-53 (D. Minn. Apr. 20, 2015) ………………………………………………….. 4

*Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 976 (Fed. Cir. 1996) …………………………. 5

*PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed. Cir. 2008) ………………. 3

*Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1573 (Fed. Cir. 1985) ………………. 3

*Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 526 (Fed. Cir. 2012) …………..… 1, 2

*Shuffle Master, Inc. v. Vendingdata Corp.*, 2005 U.S. App. LEXIS 28878, at *9 (Fed. Cir. 2005) ………………………………………………………………………………………...… 2

*Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1322 (Fed. Cir. 2004) ………………………………. 2

*Transonic Sys. v. Non-Invasive Med. Techs. Corp.*, 2003 U.S. App. LEXIS 18014, at *19 (Fed. Cir. 2003) ……………………………………………………………………………………. 2

**Statutes**

35 U.S.C. § 282 ……………………………………………………………………………….. 3

These are the plain and undisputable facts:

- Defendants do not deny that Telebrands copied plaintiffs' Bunch O Balloons product.

- Defendants do not deny that the Balloon Bonanza product infringes the '066 patent.

- The patent examiner considered all of the alleged prior art—and defendants fail to explain why the Patent Office got it wrong.

- Defendants do not deny consumer confusion exists in the marketplace.

A. The Defendants Have Infringed the Valid '066 Patent.

1. The Defendants Do Not Deny that They Infringe the '066 Patent.

Telebrands does not contest that it copied Tinnus's and ZURU's Bunch O Balloons product. And—glaringly—defendants do not deny that they infringe the asserted claims. Defendants merely allege that plaintiffs did not proffer enough evidence to show actual infringement. (Dkt. 29 at pg. 6.) Defendants, however, rely on the wrong standard for a preliminary injunction. Plaintiffs need not show actual infringement. Plaintiffs must merely demonstrate a likelihood of infringement. Plaintiffs have provided more than sufficient evidence to show the required likelihood of infringement. *Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 526 (Fed. Cir. 2012). Moreover, attached as Exhibit A is the declaration of Dr. Barry M. Kudrowitz, Ph.D., a leading expert in toy design, which includes a comprehensive infringement analysis of the accused product. (Kudrowitz Dec. ¶¶ 19-37.)[1] Defendants' "advertisement" case law is inapposite, addressing a standard of proof not relevant to this motion. (Dkt. 29 at pg. 6.) Moreover, plaintiffs do not rely on "advertising materials" but upon Telebrands's own statements and instructions describing the features of the actual Balloon Bonanza. Those statements are relevant party admissions that show likelihood of success.

---

[1] Since defendants argue that the quality of plaintiffs' photos is a significant factor in deciding this motion (Dkt. 29 at pg. 7), plaintiffs are also providing the Court with a sample of the accused product for inspection as well as a sample of Bunch O Balloons.

1

2. A Full-Blown *Markman* Hearing Is Not Necessary for "Likelihood of Success."

Without citing any published authority, defendants contend that plaintiffs' motion cannot succeed because plaintiffs have not provided blanket claim construction.[2] (Dkt. 29 at pg. 6.) Defendants' position is factually and legally incorrect. Factually, the technology of the '066 patent is innovative, but not technically difficult. Plaintiffs' claim chart lays out (1) the interpretation that plaintiffs have given to the individual claim elements and (2) how those elements apply to the accused product in a way that shows that plaintiffs are "more likely than not" to succeed in their patent infringement claim. *Revision*, 700 F.3d at 526. Legally, "a district court does not have to conduct a comprehensive and final claim construction in a preliminary injunction proceeding." *Shuffle Master, Inc. v. Vendingdata Corp.*, 2005 U.S. App. LEXIS 28878, at *9 (Fed. Cir. 2005). This is particularly so where, as here, the defendant "has not even attempted" to show that the asserted claim could be construed in a way that would affect the outcome. *Toro Co. v. Deere & Co.*, 355 F.3d 1313, 1322 (Fed. Cir. 2004). Indeed, claim construction for the purposes of an injunction is not definitive. *See Transonic Sys. v. Non-Invasive Med. Techs. Corp.*, 2003 U.S. App. LEXIS 18014, at *19 (Fed. Cir. 2003). Defendants do not propose any claim construction that avoids the plaintiffs' clear showing of infringement.

3. Defendants Do Not Meet Their Heavy Double-Burden Regarding Validity.

Defendants claim the '066 patent is invalid, but they merely rehash arguments and prior art already considered by the examiner. An issued patent is presumed valid, and "the burden of persuasion to the contrary is and remains on the party asserting invalidity." *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d 1570, 1573 (Fed. Cir. 1985); *see* 35 U.S.C. § 282. To defeat a preliminary injunction on the basis of invalidity, an alleged infringer must establish a

---

[2] It is not clear whether defendants fault plaintiffs for not providing claim constructions for every claim term or only specific, critical terms that defendants have failed to identify.

"substantial question" regarding validity, i.e., that the alleged infringer is likely to succeed in its difficult burden to prove invalidity. *See Abbott Labs. v. Andrx. Pharms. Inc.*, 473 F.3d 1196, 1201 (Fed. Cir. 2007). An alleged infringer cannot just rehash the prosecution history of a patent. *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1304 (Fed. Cir. 2008) ("When no prior art other than that which was considered by the USPTO examiner is relied on by the attacker, he has the <u>added burden</u> of overcoming the deference that is due to a qualified government agency presumed to have properly done its job") (emphasis added); *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984). Infringers (like defendants here) must overcome <u>two</u> heavy burdens if their basis for invalidity was already considered by the USPTO. *Id.*

Here, defendants fail to note that the patent examiner considered, and Tinnus overcame, each of defendants' alleged prior art references, during the prosecution of the '066 patent. (Kudrowitz Dec. ¶¶ 50-56.) And defendants' arguments are no more compelling now. (*Id.* at ¶¶ 57-77.) Consequently, defendants have not and cannot overcome the presumption of validity afforded to the '066 patent.

The examiner also appropriately determined that the terms "substantially filled" and "connecting force" are not indefinite or lacking enablement. *See, e.g., Andrew Corp. v. Gabriel Electronics, Inc.*, 847 F.2d 819, 822 (Fed. Cir. 1988) ("substantially equal" not indefinite); *Apple, Inc. v. Samsung Elecs.. Co.*, 932 F. Supp. 2d 1076, 1083, 2013 U.S. Dist. LEXIS 13237, at *25 (N.D. Cal. 2013) ("substantially centered" not indefinite); *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1384 (Fed. Cir. 1986) (no evidence that "undue experimentation" was required). Defendants' rehash of the '066 patent prosecution history with

no explanation as to why the Patent Office was wrong does not raise a substantial question about the '066 patent's validity.

B. The Defendants Fail to Refute the Plaintiffs' Showing of Irreparable Harm.

Defendants state that "the types of harms alleged by Plaintiffs, i.e., loss of market share, lost sales/business opportunities, and price erosion, are not irreparable" and do not qualify for injunctive relief because they "can be cured by monetary damages." (Dkt. 29 at pg. 12.) This is incorrect. Defendants ignore established Federal Circuit case law where the court has unequivocally held that two-player competition, loss of market share, lost business opportunities, and price erosion constitute irreparable harm and cannot be cured by monetary damages. *See, e.g., Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012).

Defendants also state that "since Telebrands was first to market, Plaintiff could not have had an established price to erode." (Dkt. 29 at pg. 15.) This too is not true. Plaintiffs have offered clear-cut evidence of price erosion through their expert economist, Dr. Stan Smith, as well as through the declarations of Josh Malone and Anna Mowbray. *See* Ex. B (Smith Dec. at 2.) *Cf Luminara Worldwide, LLC v. Liown Elecs. Co.*, No. 14-cv-3103 (SRN/FLN), 2015 U.S. Dist. LEXIS 57370, *51-53 (D. Minn. Apr. 20, 2015) (finding price erosion and irreparable harm existed despite no expert testimony). Contrary to defendants' claim, Tinnus and its Bunch O Balloons product was first to the market—not Telebrands's Balloon Bonanza product. Tinnus initially offered Bunch O Balloons at a price of around $17. That price has since eroded to $10 because of Telebrands's attempts to undercut plaintiffs' pricing with its infringing product.

Defendants also argue: "Since Plaintiffs claim that they lowered their price before the '066 patent even issued, any alleged price erosion has nothing to do with patent infringement." (Dkt. 29 pg. 15.) This argument has no supporting authority. The presence of Telebrands's

4

infringing product prevents plaintiffs from increasing the current eroded price of their product. If plaintiffs did so, they simply could not compete with Telebrands's lower-priced product. Moreover, even if Telebrands's infringing product was taken off the market, plaintiffs, as a practical matter, could not just increase their Bunch O Balloons price. *See Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 976 (Fed. Cir. 1996) ("Requiring purchasers to pay higher prices after years of paying lower prices to infringers is not a reliable business option.").

Notably, defendants do not dispute that consumer confusion exists between these two products. Rather, defendants raise a red-herring issue: that the many instances of confusion occurred before the patent issued. But consumer confusion does not suddenly evaporate just because a patent issued. (Smith Dec. at 5.) Indeed, the infringing Balloon Bonanza product continues to cause confusion among the same consumers—and new consumers to this day. *Id.* As described more fully by Dr. Smith in his attached report, this confusion is widespread. *Id.*

Defendants also try to argue that an injunction is not proper here because plaintiffs supposedly delayed in bringing their present motion. (Dkt. 29 pg. 11.) Specifically, defendants argue that plaintiffs could have sought an injunction in an unrelated New Jersey case. *Id.* There has been no delay. Defendants conveniently ignore the fact that Mr. Malone and his company, Tinnus, are not parties (and have never been parties) to that New Jersey case. Tinnus, which of course is a party in this Texas action, filed this lawsuit the same day its '066 patent issued. ZURU joined in this action, and both plaintiffs immediately moved for a preliminary injunction.

The cases defendants cite are easily distinguishable. They all involve delay in the same case. This is a completely different case, with different parties, seeking different relief. For all of these reasons, this Court should grant plaintiffs' preliminary injunction motion.

5

Dated: August 6, 2015

Respectfully submitted,

     */s/ Eric H. Findlay*
Thomas M. Dunlap, Esq. (Admitted E.D. Tex./VA Bar No. 44016)
David M. Ludwig, Esq. (Admitted E.D. Tex./VA Bar No. 73157)
Robert Spendlove, Esq. (Admitted E.D. Tex./VA Bar No. 75468)
Dunlap Bennett & Ludwig PLLC
211 Church Street, SE
Leesburg, Virginia 20175
(703) 777-7319 (t)
(703) 777-3656 (f)
tdunlap@dbllawyers.com
dludwig@dbllawyers.com
rspendlove@dbllawyers.com

Cortland C. Putbrese, Esq. (Admitted E.D. Tex./VA Bar No. 46419)
Dunlap Bennett & Ludwig PLLC
2307 East Broad Street, Ste. 301
Richmond, Virginia 23223
(804) 977-2688 (t)
(804) 977-2680 (f)
cputbrese@dbllawyers.com

Eric H. Findlay
State Bar No. 00789886
Debby Gunter
State Bar No. 24012752
Findlay Craft, P.C.
102 N. College Ave, Ste. 900
Tyler, TX 75702
903-534-1100 (t)
903-534-1137 (f)
efindlay@findlaycraft.com
dgunter@findlaycraft.com

*Counsel for plaintiffs Tinnus Enterprises, LLC and ZURU Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August 2015, I electronically filed Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction with the Clerk of the Court using the CM/ECF system, which will send notification to all attorneys of record.

          */s/ Eric H. Findlay*
          Eric H. Findlay