# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC and ZURU LTD., | |
| Plaintiffs, | Case No. 6:15-CV-00551-RC-JDL |
| v. | |
| TELEBRANDS CORP. and BED BATH & BEYOND INC., | |
| Defendants. | |

**DEFENDANTS' EMERGENCY MOTION TO STAY PENDING APPEAL OF THE FINAL WRITTEN DECISION INVALIDATING THE PATENT-IN-SUIT ISSUED BY THE USPTO AND REQUEST FOR EXPEDITED BRIEFING**

On December 30, 2016, the Patent Trial and Appeal Board of the USPTO ("Board") determined that all claims of the '066 patent are invalid.  Defendants respectfully request that the Court stay all the proceedings in this action pending appeal[1] of the Board's final written decision. Defendants additionally request an expedited briefing schedule.

## BACKGROUND

The '066 patent issued on June 9, 2015.  That same day, Plaintiffs filed this action.  Less than two weeks later, on June 22, 2015, Telebrands filed a petition for post-grant review in the USPTO before the Board.  (Dkt. Nos. 29-9 to 29-26.)  On January 4, 2016, the Board issued a decision granting Telebrands' petition for post-grant review and instituting trial, finding that all claims of the '066 patent were more likely than not unpatentable.  (Dkt. No. 104-2.)  On December 30, 2016, the Board issued its final written decision ("PGR Final Decision"), concluding that "Petitioner has demonstrated by a preponderance of evidence that [all] claims . . . of the '066 Patent are unpatentable."  (Araj Decl. Ex. 1 at 3.)

### A.  Procedural Posture Of This Action

The only patent at issue in this case is the '066 patent.  Discovery closed on October 28, 2016.  Trial is scheduled for April 10, 2017.  (Dkt. No. 282.)  As such, very significant expenses and numerous deadlines loom as the parties prepare for trial.  For example, the Court ordered that the parties submit their estimated time to complete the presentation of testimony by January 19, 2017.  (Dkt. No. 293.)  Pretrial disclosures are due January 26, 2017, and motions in limine and

---

[1] Plaintiffs advised the Federal Circuit in correspondence dated January 9, 2017 that the PTAB's decision will be appealed. (Araj Decl., Ex. 3.) This Court has previously granted a motion to stay pending an anticipated appeal of a Board's final written decision prior to the notice of appeal being filed.  *See Motion Games, LLC v. Nintendo Co. Ltd.*, No. 6:12-cv-878-RWS-JDL, Dkt. No. 376 (E.D. Tex. June 8, 2015)  (Love, M.J.) (granting emergency motion to stay pending appeal on June 8, 2015, where notice of appeal was not filed until June 15, 2015) (attached as Araj Decl. Ex. 2). Defendants seek the same relief by this motion.

the Final Joint Pretrial Order are due February 14, 2017.  (Dkt. No. 282.)  The pre-trial conference is scheduled for March 28, 2017.  (*Id.*)

In an effort to conserve judicial resources and avoid unnecessary litigation should the Board's final written decision be affirmed on appeal, Defendants request that the Court stay all proceedings pending appeal of such decision.

## LEGAL STANDARD

The district court has the inherent power to stay proceedings.  *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'"  *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. March 11, 2015) (Bryson, J.) (quoting *Evolutionary Intelligence, LLC v. Millennial Media, Inc.,* No. 5:13-cv-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014)).  When deciding whether to grant a stay, courts typically consider three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court."  *NFC Tech.*, 2015 WL 1069111, at *2.

Additionally, with respect to post-grant review proceedings before the Board, courts, including courts in this Judicial District, also consider the following four factors set forth in Leahy–Smith America Invents Act, Pub.L. No. 112-29, § 18(b)(1), 125 Stat. 284, 331 (2011) ("the AIA"), which "largely overlap" with the three factors traditionally considered: (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would

unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.  *NFC Tech.*, 2015 WL 1069111, at *2.

## ARGUMENT

A stay here is needed to avoid an unnecessary trial on a patent that the Board has declared to be invalid.  Courts regularly grant a stay where a movant requests, before trial, a stay pending appeal of a PTAB decision invalidating all asserted claims. *See SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-CV-333-JDL, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014) (granting stay pending appeal of IPR decision where "[a]ll of the claims in dispute in this Court are addressed in the Final Written Decision."); *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236, 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016) (staying case pending appeal of IPR decision); *Depomed, Inc. v. Purdue Pharma L.P.*, No. 13-571, 2016 WL 50505, at *2 (D.N.J. Jan. 4, 2016) (upholding stay pending appeal of IPR decision); *Ultratec, Inc. v. Sorenson Commc'ns., Inc.*, No. 13-cv-346-BBC, 2015 WL 2248437, at *4 (W.D. Wisc. May 13, 2015) (staying the case "because all but one of the claims-in-suit are addressed in the recent decisions issued by the Patent Trial and Appeal Board and the remaining claim is the subject of *inter partes* review"), *aff'd sub nom. Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x 720, 722 (Fed. Cir. 2015). Defendants have located no case that has denied a pre-trial request for a stay pending appeal of the Patent Office's invalidity determination.

Moreover, this Court has previously granted a stay on facts that are virtually identical to those presented here.  In *Motion Games*, where the scheduled trial was four months away and the PTAB had issued a final written decision invalidating the patent-in-suit, this Court held that a stay must be granted to avoid wasting the Court's and the parties' time and resources.  *Motion Games,*

3

*LLC v. Nintendo Co. Ltd.*, No. 6:12-cv-878-RWS-JDL, Dkt. No. 376 at 2-3 (E.D. Tex. June 8, 2015) (Love, M.J.) (attached as Araj Decl. Ex. 2). Here too, the trial is four months away and the PTAB has now issued a final written decision invalidating the only patent-in-suit. As in *Motion Games*, judicial efficiency in avoiding entirely unnecessary litigation outweighs any potential prejudice to Plaintiffs. Accordingly, the Court should grant Defendants' motion to stay pending appeal of the Board's final written decision invalidating the '066 patent.

### A.  Plaintiffs Will Not Be Unduly Prejudiced By A Stay In This Action

"[W]hether the patentee will be *unduly prejudiced* by a stay . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original). Here, no such need exists. The Board has determined that all claims of the single patent-in-suit are invalid, which "has a binding effect on pending district court litigation." *Ultratec*, 2015 WL 2248437, at *4. As explained by this Court:

> [T]here comes a point at which any prejudice to the Plaintiff in staying the litigation is significantly outweighed by a determination that patent claims are invalid by the "expert agency" in the field. *See NFC Technology*, 2015 WL 1069111, at *5. Typically, at that point, *any further expenditure of party or judicial resources on invalid claims is unwise*. While it is true that significant resources have been invested to this point, there is little doubt that a substantially amount of pretrial, trial and post-trial resources have yet to be expended. *Certainly, if the Federal Circuit disagrees with the PTAB, the litigation can resume. But until then, a stay of the case is appropriate*.

*Motion Games*, Dkt. No. 376 at 2-3 (emphasis added).

Plaintiffs will not be prejudiced by a stay. In fact, the opposite is true. The Court has already preliminarily enjoined Telebrands from selling the accused products until trial. If anyone would be prejudiced by a stay, it would be Defendants, not Plaintiffs. In addition, if the Board's decision is affirmed on appeal, a stay will save Plaintiffs significant time and money in litigating

claims of an invalid patent.  Conversely, if Plaintiffs succeed on appeal, "a stay will not diminish the monetary damages to which [Plaintiffs] will be entitled if [they] succeed on [their] infringement suit."  *VirtualAgility*, 759 F.3d at 1318.  The lack of prejudice to Plaintiffs weighs heavily in favor of a stay.

### B.  A Stay Will Simplify This Case

A stay of this action pending appeal of the Board's invalidity determination will undoubtedly simplify this case.  Even a PTAB *institution* decision "means that there is a substantial likelihood of simplification of the district court litigation."  *NFC Tech.*, 2015 WL 1069111, at *4; *see also Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("A determination from the PTAB [in a CBM proceeding] that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial.").  A final written decision invalidating all claims of the '066 patent, like the one here, is even more likely to simplify the case.

Affirmance of the Board's final written decision is by far the most likely outcome.  The Federal Circuit's own statistics on reversals of cases coming from the PTO show only a 7% reversal rate in 2016.  *See* United States Court of Appeals for the Federal Circuit, *Appeals Filed, Terminated, and Pending*, available at: http://www.cafc.uscourts.gov/sites/default/files/the-court/statistics/FY16_Appeals_Filed_Terminated_and_Pending_2.pdf. "As long as any portion of this case remained open at the time the court of appeals ruled on the board's final decisions (which is highly likely given the timing of the appeals processes), cancellation of the patent claims would moot plaintiffs' infringement claims."  *Ultratec*, 2015 WL 2248437, at *4.

Because affirmance of the Board's final written decision would moot all of Plaintiffs' infringement claims, this factor strongly weighs in favor of a stay.

**C.  The Procedural Stage Of This Action Weighs In Favor Of A Stay**

Trial is still four months away.  A stay now will permit the Court and the parties to avoid the very time-consuming activities that accompany the lead-up to trial.  This factor favors a stay. *See Milwaukee Elec. Tool Corp. v. Hilti, Inc.*, 138 F. Supp. 3d 1032, 1038 (E.D. Wis. 2015) (finding the fact that trial had not yet been conducted weighed in favor of granting a stay).  Indeed, the Federal Circuit has held it to be abuse of discretion not to grant a stay following PTAB *institution* decisions before trial, where the institution decisions covered all asserted claims and the trial was expected to be complex and involve foreign witnesses.  *Smartflash*, 621 F. App'x at 1005.  The Federal Circuit noted that because Samsung had not yet begun the trial, "the most burdensome task [was] yet to come."  *Id.*

This Court has also recognized that a late stage of litigation is not the determinative factor where a stay will "certainly simplify this case."  *Motion Games*, Dkt. No. 376 at 2 (granting stay pending appeal of Board's final written decision invalidating patent-in-suit, where trial was four months away); *see also Ultratec*, 2015 WL 2248437, at *5 (staying *post-verdict* litigation pending appeal of Board's final written decision because "it is within the court's discretion and has been found appropriate in certain cases); *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871, at *3 (E.D. Tex. June 28, 2016) (granting stay following institution of IPR on all claims where trial was two and one half months away); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 996 F.2d 1236, 1993 WL 172432 at *1 (Fed. Cir. 1993) (unpublished) (reversing and directing district court to grant a stay of damages and injunction proceedings pending appeal of PTO reexamination after jury had rendered its verdict); *see also Landis*, 299 U.S. at 254 ("[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  Accordingly, the Court should stay this action.

### D.  Expedited Briefing Should Be Ordered

Because trial is four months away, "there is little doubt that a substantial amount of pretrial, trial and post-trial resources have yet to be expended."  *Motion Games*, Dkt. No. 376 at 3. Accordingly, in view of the time-sensitive nature of this motion, Defendants respectfully request an expedited briefing schedule, which requires Plaintiffs to file any response in opposition to this motion and proposed order no later than Wednesday, January 18, 2017, Defendants be required to file a reply no later than Monday, January 23, 2017, and Plaintiffs be required to file a surreply no later than Thursday, January 26, 2017.

<u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that the Court stay this action pending appeal of the Board's final written decision invalidating all claims of the patent-in-suit.

Dated: January 11, 2017        By:    /s/ *Lance Lee*

                      Gregory Love
                      Texas Bar No. 24013060
                      greg@lovetrialfirm.com
                      107 E. Main Street
                      Henderson, TX 75652
                      Tel: (903) 212-4444

| | |
|---|---|
| D. Michael Underhill | Lance Lee |
| munderhill@bsfllp.com | Texas Bar No. 24004762 |
| Amy L. Neuhardt (admitted *pro hac vice*) | wlancelee@gmail.com |
| aneuhardt@bsfllp.com | 5511 Plaza Drive |
| Eric J. Maurer | Texarkana, TX 75503 |
| emaurer@bsfllp.com | Tel: (903) 223-0276 |
| Stacey Grigsby (admitted *pro hac vice*) | |
| sgrigsby@bsfllp.com | Robert T. Maldonado (admitted *pro hac vice*) |
| William Bloom (admitted *pro hac vice*) | Rmaldonado@cooperdunham.com |
| wbloom@BSFLLP.com | Elana B. Araj (*admitted pro hac vice*) |
| Joseph Alm | earaj@cooperdunham.com |
| jalm@bsfllp.com | COOPER & DUNHAM LLP |
| BOIES, SCHILLER & FLEXNER LLP | 30 Rockefeller Plaza |
| 5301 Wisconsin Ave. NW | New York, New York 10112 |
| Washington, DC 20015 | Tel: 212-278-0400 |
| Tel.: (202) 237-2727 | |
| Fax: (202) 237-6131 | *Attorneys for all Defendants* |

*Attorneys for Defendant Telebrands Corp.*

8

## CERTIFICATE OF CONFERENCE

Pursuant to Local Court Rule CV-7(h), counsel for Defendants conferred with counsel for Plaintiffs for a week, beginning January 3, 2017, via telephone conference and email communications.  On January 11, 2017, Plaintiffs' counsel represented that Plaintiffs' have not yet determined whether or not they oppose this motion.  In the meantime, while Plaintiffs decide their position, Defendants have elected to file this emergency motion to stay, as numerous pre-trial deadlines are fast-approaching.  Plaintiffs oppose Defendants' request for expedited briefing.

/s/Lance Lee
Lance Lee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on January 11, 2017.

/s/Lance Lee
Lance Lee