# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., | § § § § § § § § § § § § |
| Plaintiffs, | |
| v. | |
| TELEBRANDS CORPORATION, BED BATH & BEYOND INC., BULBHEAD.COM, LLC, | |
| Defendants. | |

CIVIL ACTION NO. 6:15-CV-00551-RC

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On July 5, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Defendants Telebrands Corp.'s ("Telebrands") and Bulbhead.com LLC's ("Bulbhead") (collectively "Defendants") Motion to dismiss or transfer this case pursuant to 28 U.S.C. § 1406 and Federal Rule of Civil Procedure 12(b)(3) be denied. Dkt. # 316. Defendants filed objections to the Magistrate Judge's R&R. Dkt. # 317. Plaintiffs Tinnus Enterprises, LLC and Zuru, Ltd. ("Plaintiffs") have filed a response. Dkt. # 319. Having conducted a *de novo* review of Defendants' written objections, the court concludes that the findings and conclusions of the Magistrate Judge are correct and that the objections are without merit. 28 U.S.C. § 636(b)(1).

Defendants object to the Magistrate Judge's report and recommendation on the sole basis that the Magistrate Judge rejected Defendants' argument that the "change in law" exception to

waiver applied. Dkt. # 317, at p. 2. The Magistrate Judge found that Defendants' asserted venue defense had been available to Defendants throughout the prior two years in which the instant action was pending. Dkt. # 316, at pp. 2–3. The Magistrate Judge relied on a number of cases that had recently found that the Supreme Court's decision in *TC Heartland* did not qualify as an intervening change in law. *Id.*

Courts in no fewer than nine other districts that have addressed this issue reached the same conclusion as the Magistrate Judge. *See Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*."); *iLife Techs. Inc. v. Nintendo of America, Inc.*, No. 3:13-cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017) ("*TC Heartland* does not qualify as an intervening change in law."); *Chamberlain Group, Inc. v. Techtronic Industries Co. et al.*, No. 1:16-cv-6097, slip op. at 3 (N.D. Ill. June 28, 2017) ("[T]he Court follows *Elbit* and *Cobalt Boats* …in finding that *TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances."); *Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) ("[D]efendant's contention that an objection to improper venue under 28 U.S.C. § 1400(b) was previously unavailable is incorrect."); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) ("[T]he Supreme Court's decision in *TC Heartland* does not excuse Defendants' waiver as to venue in this District."); *Reebok Int'l Ltd., et al. v. TRB Acquisitions LLC, et al.*, No. 3:16-CV-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017) ("[T]he defense of improper venue was not 'unavailable' to Defendants before the Supreme Court issued its decision in *TC Heartland*."); *Fox Factory, Inc., v. SRAM, LLC*, No. 3:16-cv-506-WHO (N.D. Cal. July 18, 2017) (same); *Skyhawke Techs., LLC v. DECA Int'l Corp. et al.*,

No. 3:10-CV-708T-SL-RHW, 2017 WL 3132066, at *2 (S.D. Miss. July 21, 2017) (same); *Koninklijke Philips v. ASUSTeK Computer Inc.*, No. 1:15-cv-1125-GMS (D. Del. July 19, 2017) (same).

Courts in this District have also concluded that *TC Heartland* does not qualify as an intervening change of law. *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) ("The Court need not reach Defendants' argument that a change in law constitutes an exception to waiver under Rule 12(h)(1)(A) because the Supreme Court's decision in *TC Heartland* does not qualify"); *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017) ("[B]ecause *TC Heartland* does not qualify as an intervening change of law, this waiver is not excused."); *Orthosie Sys., LLC v. Synovia Solutions, LLC*, No. 4:16-CV-00995, 2017 WL 3244244, at *3 (E.D. Tex. July 31, 2017) (same).

A few courts have reached the opposite conclusion. *See CG Tech. Dev., LLC v. Fanduel, Inc.*, No. 2:16-cv-801-RCJ-VCF (D. Nev. July 27, 2017); *OptoLum, Inc. v. Cree, Inc.*, No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *2 (D. Ariz. July 24, 2017); *Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017).

Nevertheless, this court agrees with the majority view of the plain language of the Supreme Court: "In *Fourco*, this Court definitively and unambiguously held that the word 'residence' in § 1400(b) has a particular meaning as applied to domestic corporations . . . Congress has not amended § 1400(b) since *Fourco*, and neither party asks us to reconsider our holding in that case." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514, 1520 (2017). This statement merely affirms the viability of *Fourco*, a case that was decided in 1957. *See, e.g.*, *Cobalt Boats*, 2017 WL 2446679, at *3 (E.D. Va. June 7, 2017).

Accordingly, the court concludes that Defendants waived their venue defense pursuant to Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1)(A) by initially filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and failing therein to raise their present venue argument. Dkt. # 316, at p. 5. Defendants repeatedly admitted that venue was proper in this District over the course of a year's worth of pleadings. Dkt. # 316, citing Dkts. ## 97, 133, 251. Defendants' belated venue challenge was made after the Court had conducted lengthy injunctive proceedings, claim construction proceedings, contempt proceedings, several discovery related motions, and pretrial motions. Dkt. # 316, at p. 6. Defendants consented to all of these proceedings without objecting to venue. The Magistrate Judge concluded that Defendants' continuous and consistent conduct in this action constituted waiver. *Id*.

This court agrees. *See In re Nintendo*, No. 2017-127 (Fed. Cir. July 26, 2017) (concluding that the district court did not abuse its discretion in denying defendant's motion to dismiss or transfer where defendant "conceded that venue was proper" and continued in litigation for "three and a half years, during which time the district court entered numerous orders and opinions."); *see also Koninklijke Philips*, No. 1:15-cv-1125-GMS, slip op. at 8 (D. Del. July 19, 2017) (finding that defendants' conduct waived any venue defense where defendants "(1) participated in a scheduling conference; (2) conducted discovery, (3) entered into a stipulation and protective order with the plaintiff; and (4) moved the court to allow their out of state counsel to appear *pro hac vice*."); *Infogation Corp.*, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017) (finding that defendants waived any challenge to venue through litigation conduct by participating in litigation for "approximately a year, including by serving invalidity contentions, filing two motions to stay, filing a motion for judgment on the pleadings, and participating in claim construction."). Here,

Defendants' motion was filed nearly two years after this case was initiated and after the court had conducted numerous substantive proceedings.

The court also notes the impracticality of dismissing or transferring this case while it is currently stayed pending appeal. As the Magistrate Judge pointed out, if the Federal Circuit affirms the Patent Trial and Appeal Board ("PTAB"), there will be nothing left for this Court to do other than enter an appropriate judgment. Dkt. # 316, at p. 7. If the Federal Circuit reverses the PTAB, "this Court will be best equipped to pick this case up for trial from the point at which it had already prepared this case through injunctive proceedings and pretrial." *Id*. Applying principles of equity to the facts of this case, dismissal or transfer is not warranted based on waiver.

Therefore, for the reasons set forth herein, the court **ADOPTS** the findings and conclusions of the Magistrate Judge. All objections are **OVERRULED**. Defendants' Motion to Dismiss (Dkt. # 311) is **DENIED**.

So **ORDERED** and **SIGNED** this **8** day of **August, 2017.**

_____

Ron Clark, United States District Judge