IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., | § § § § § § § § § § § § | CIVIL ACTION NO.  6:15-CV-00551-RWS |
| Plaintiffs, | | |
| v. | | |
| TELEBRANDS CORPORATION, BED BATH & BEYOND INC., BULBHEAD.COM, LLC, | | |
| Defendants. | | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On July 3, 2018, the parties filed their joint notice regarding the applicability of certain prior rulings in this case and related cases. (Doc. No. 341.) Specifically, with respect to Defendants' Motion to Dismiss for improper venue (Doc. No. 335), the parties acknowledged the extensive record already developed and fully adjudicated with respect to venue in this matter. The parties also acknowledged the full development of the same facts related to venue in related cause number 6:17-cv-170 ("*Tinnus IV*"). While the parties agreed that the Court's analysis with respect to whether Defendants have a "regular and established place of business" in this District in *Tinnus IV* could be incorporated into the record of this case, Defendants could not agree that any forfeiture analysis be incorporated due to the different procedural circumstances of this case. (Doc. No. 341, at 3.)

As an initial matter, pursuant to the parties' agreement and in the avoidance of a waste of duplicative judicial and party resources, the findings of this Court in Case No. 6:17-cv-170 with

respect to whether Defendants have a place of business in this District under 28 U.S.C. § 1400(b), shall be incorporated as the findings and conclusions of this Court for the record in the instant action. Case No. 6:17-cv-170, Doc. Nos. 255, 275. Thus, the Court adopts those findings and incorporates them as the record in this case for purposes of similarly concluding that Defendants' Motion (Doc. No. 335) should be **DENIED** as Defendants properly reside in this District for purposes of venue under § 1400(b).

As to forfeiture of their venue defense, the Court finds that Defendants have forfeited this defense. The Court notes that Defendants have filed two prior motions to dismiss for improper venue in this case (Doc. Nos. 15, 311) and both of those motions have been fully adjudicated and denied. (Doc. Nos. 57, 83, 316, 320). Moreover, Defendants petitioned the Federal Circuit for a writ of mandamus on the Court's first order denying Defendants' motion to dismiss for improper venue, and that petition was ultimately denied. (Doc. No. 147.) After the Supreme Court's decision in *TC Heartland*, Defendants filed a new motion to dismiss for improper venue. (Doc. No. 311.) The Court similarly denied that motion, and no appellate relief was sought by Defendants. (Doc Nos. 316, 320.) Defendants have now filed a third motion to dismiss insisting that *In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017) has warranted a second renewed filing. This argument is without merit for several reasons.

First, while the Federal Circuit in *Micron* dealt with waiver in the context of Rules 12(g) and 12(h), the Federal Circuit specifically did not "explore the contours of timeliness outside Rule 12(g)(2) and (h)(1)(A) or how to assess what constitutes consent to venue or what if any other considerations could justify a finding of forfeiture even when the defendant has not waived its objections under Rule 12(g)(2) and (h)(1)(A)." *Micron*, 875 F.3d at 1102. Notably, while the

Court's prior analysis on forfeiture in this case partially analyzed waiver under Rule 12(h), the Court also specifically analyzed forfeiture outside the context of Rule 12:

> Moreover, a party's conduct in the course of a proceeding can justify waiver even when the requirements of Rule 12(h)(1) are not satisfied. *See, e.g., Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) ("A delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, as here, the defense was asserted in a timely answer.") (emphasis added). Here, not only was Defendants' venue challenge belatedly made, during the time at which Telebrands repeatedly admitted venue was proper, the Court had conducted lengthy proceedings on Plaintiffs' motion for a preliminary injunction and granted the preliminary injunction. (Doc. Nos. 66, 84, 91.) Throughout those injunction proceedings, Telebrands never once challenged venue. Since that time, the Court has conducted numerous additional proceedings, including claim construction proceedings, contempt proceedings, several discovery related motions, and pretrial motions. Telebrands consented to all of these proceedings without objecting to venue. Accordingly, even if Telebrands's defense had not been waived under Rule 12, which it has, Telebrands's continuous and consistent conduct in this action constitutes waiver.

(Doc. No. 316, at 6.)

Second, the unexplained delay and lack of urgency by Defendants in this case has only continued. As discussed above, Defendants never previously challenged the Court's ruling by filing a petition for mandamus if they disagreed with the Court's reasoning with respect to forfeiture of this defense. Moreover, *Micron* was decided on November 15, 2017 and Defendants did not bring the instant motion until June 18, 2018, a full seven months later. When questioned about their delay during the status conference on June 19, 2018, Defendants contended they purposely waited until the Court lifted the stay in this case to re-urge their motion. But this argument has no merit to excuse any further delay because Defendants previously re-urged their motion to dismiss for improper venue in this case while this case was stayed. *See* Doc. No. 311. Indeed, had Defendants timely brought the instant motion, the Court could have long ago resolved the motion during the pendency of the stay. The motion appears to be brought now for the purpose of causing further delay as this case is now ready for trial after pending on the

3

Court's docket for over three years. For these reasons, and the reasons incorporated herein, the Court finds that the Defendants have forfeited their venue defense.

## CONCLUSION

For the reasons set forth herein, the Court **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. No. 335) be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 5th day of July, 2018.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE