IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., ZURU, INC., ZURU, LLC, ZURU PTY LTD., | § § § § § § § § § § § § | CIVIL ACTION NO. 6:15-CV-00551-RWS |
| Plaintiffs, | | |
| v. | | |
| TELEBRANDS CORPORATION, BED BATH & BEYOND INC., BULBHEAD.COM, LLC, ZURU UK LTD., | | |
| Defendants. | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On July 5, 2018, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending that Defendants Telebrands Corp. ("Telebrands"), Bed Bath and Beyond, Inc. ("Bed Bath"), and Bulbhead.com LLC ("Bulbhead") (collectively "Defendants") Renewed Motion to Dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3) be denied. Docket No. 342. Defendants filed objections to the Magistrate Judge's Report. Docket No. 347. Plaintiffs Tinnus Enterprises, LLC, ZURU Inc., ZURU LLC, ZURU Ltd., ZURU Pty Ltd., ZURU UK Ltd. ("Plaintiffs") have filed a response. Docket No. 354. Having conducted a *de novo* review of Defendants' written objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. 28 U.S.C. § 636 (b)(1).

1

In his Report, the Magistrate Judge first incorporated by agreement the findings of this Court in Case No. 6:17-cv-170 ("*Tinnus IV*") with respect to whether Defendants have a place of business in this District under 28 U.S.C. § 1400(b). Docket No. 342, citing *Tinnus IV*, Docket Nos. 255, 275. In their objections, Defendants assert by reference their same objections as they asserted in *Tinnus IV*. Docket No. 347 at 4. As discussed, these objections were already fully considered by the Court and overruled. *Tinnus IV*, Docket No. 275. Moreover, Defendants recently petitioned for a writ of mandamus on those findings to the Federal Circuit, and that mandamus petition was denied. *In re Telebrands Corp.*, No. 2018-140 (Fed. Cir. 2018). The Court sees no basis to alter its conclusions.

Defendants next object to the Magistrate Judge's conclusion that Defendants forfeited their venue defense, arguing that the Magistrate Judge improperly considered conduct prior to the Supreme Court's decision in *TC Heartland*. Docket No. 347 at 6–7. As an initial matter, the Magistrate Judge's consideration of conduct prior to *TC Heartland* was a quotation from a prior opinion where the Magistrate Judge was noting that he had previously found conduct-based waiver outside the context Rule 12(h). Docket No. 342 at 2–3. The Federal Circuit, in *Micron*, made clear that such conduct could be relevant to this analysis. *In re Micron Tech., Inc.*, 875 F.3d 1091, 1101 (Fed. Cir. 2017) ("…we think it clear that, apart from Rule 12(g)(2) and (h)(1)(A), district courts have authority to find forfeiture of a venue objection."). Regardless, the Magistrate Judge specifically noted that Defendants were also not diligent in their post *TC Heartland* conduct in this matter. Docket No. 347 at 3–4. For example, the Magistrate Judge noted that Defendants' argument for its renewed venue motion in this case was spurred by the Federal Circuit's decision in *Micron*. *Id.* at 3. Yet, as the Magistrate Judge pointed out, "*Micron* was decided on November 15, 2017 and Defendants did not bring the instant motion until June

18, 2018, a full seven months later." *Id.* The Magistrate Judge also noted that the fact the case was stayed was of little significance as Defendants' prior motion to dismiss for improper venue was brought during the stay. *Id.* The Court agrees with the Magistrate Judge that the re-filing of this motion was significantly delayed here and ultimately serves to frustrate resources and the expeditious resolution of matters before the Court whereas here the Court has already expended significant resources on this matter. *In re Micron*, 875 F.3d at 1102 (noting a good consideration for a claim of forfeiture would be "a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration."). While Defendants note that they filed a notice of intent to preserve this defense (Docket No. 347 at 7), that notice was still provided four months after the Federal Circuit's decision in *Micron* and appears to be prompted by the retention of new counsel rather than preservation of a timely defense. *See* Docket Nos. 322, 323, 324. Ultimately, the Court agrees with the Magistrate Judge that, based on the conduct cited in the Report, Defendants have forfeited their venue defense in this case.

For the reasons discussed herein, the Court **ADOPTS** the Report of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED** and Defendants' Renewed Motion to Dismiss (Docket No. 335) is **DENIED.**

**So ORDERED and SIGNED this 5th day of October, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE