IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TINNUS ENTERPRISES, LLC, ZURU LTD., ZURU, INC., ZURU, LLC, ZURU PTY LTD., ZURU UK LTD., | § § § § § § § § § § § § § | CIVIL ACTION NO. 6:15-CV-00551-RWS |
| Plaintiffs, | | |
| v. | | |
| TELEBRANDS CORPORATION, BED BATH & BEYOND INC., BULBHEAD.COM, LLC, | | |
| Defendants. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge ("Report"), which contains his proposed findings of fact and recommendation, has been presented for consideration. Docket No. 368. Plaintiffs Tinnus Enterprises Ltd. ZURU Ltd., ZURU Inc., ZURU LLC, ZURU PTY Ltd., and ZURU UK Ltd. (collectively "Plaintiffs") filed partial objections to the Report (Docket No. 371), to which Telebrands Corporation ("Telebrands"), Bed Bath & Beyond Inc. ("Bed Bath"), and Bulbhead.com LLC ("Bulbhead") (collectively "Defendants") filed a response. Docket No. 376. Defendants also filed partial objections to the Report (Docket No. 370), to which Plaintiffs filed a response. Docket No. 375. The Court reviews *de novo* the portions of the Magistrate Judge's findings to which the parties have raised objections. 28 U.S.C. § 636 (b)(1). Having considered the parties' objections, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the findings and

conclusions of the Court. All objections are overruled. Defendants' Motion to Dismiss for Lack of Standing (Docket No. 355) is **DENIED.**

### A. Plaintiffs' Objections

Plaintiffs object to the Magistrate Judge's finding that only ZURU Ltd. had sufficient rights to collect lost profits for its sales during the time period of alleged infringement. Docket No. 371 at 2. Specifically, Plaintiffs object to the Magistrate Judge's findings that ZURU Inc. did not possess an exclusive license during 2015 (the time period of infringement), and that ZURU Inc. could not claim lost profits in this matter. *Id.* Plaintiffs' objections reiterate the "new" evidence that Plaintiffs contend supports the conclusion that ZURU Inc. held exclusive rights in 2015. *Id.* at 3–4. The Magistrate Judge specifically considered all of this evidence and concluded that "additional extrinsic evidence does not change the Court's prior conclusion" that ZURU Inc. did not have standing to collect lost profits because "it does not change the rights that were actually granted (or not granted) in the written license agreements that existed during the time period of infringement." Docket No. 368 at 9–10. The Court agrees with the Magistrate Judge and the Court's prior conclusion that ZURU Inc. cannot collect lost profits for the time period of infringement. While the time period of infringement in this case is earlier—2015—a written exclusive license agreement still existed during this time that defined the parties' rights with respect to the patent-in-suit. Specifically, during the time period of alleged infringement in this case, the original license agreement between Tinnus and ZURU Ltd. was in place. Docket No. 355-2. This original license agreement named ZURU Ltd. as "Licensee" and ZURU Inc. was indisputably not a named party to this written license agreement. *Id.*

Plaintiffs argue that the Magistrate Judge should have addressed *Novartis*[1] in reaching his conclusion. As an initial matter, the Delaware court's decision in that matter is, of course, not

---
[1] *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 543–44 (D. Del. 2017).

binding on this Court. Moreover, the facts of this case are distinguishable. While the entity seeking standing in *Novartis*, NPC, had evidence of a similar statement to the United States Patent and Trademark Office ("PTO") that the court relied on in finding that NPC had an implied exclusive license, the court also importantly noted that NPC also owned the New Drug Application for the drug in question. *Novartis*, 243 F. Supp. 3d, at 543–44. Notably, while Plaintiffs have presented extrinsic evidence of statements made that ZURU Inc. was an exclusive licensee, Plaintiffs do not provide any other legal relationship that might indicate exclusivity. This circumstantial evidence is inconsistent with the actions of the parties previously discussed by the Court and the written license agreement. *See* Case No. 6:16-cv-33, Docket No. 485. Moreover, in *Novartis*, NPC was the Plaintiff who brought the suit. Here, ZURU Inc., although in existence at the time, did not bring suit with ZURU Ltd. in 2015, and indeed did not seek to intervene until almost three years later. As the Court previously explained, the extrinsic evidence presented at best gives rise to the right to "use" the intellectual property, which is insufficient to give ZURU Inc. legal title to the patents or exclusionary rights to the patents. *Aspex Eyewear, Inc. v. Altair Eyewear, Inc.*, 288 F. App'x 697, 705 (Fed. Cir. 2008) (categorizing "those who lack exclusionary rights" as "those licensees who are authorized to make, use, and sell the patented product but who have no right to prevent others from also doing so."). For these same reasons, the Court **OVERRULES** Plaintiffs' objections.

### B. Defendants' Objections

Defendants object to the Magistrate Judge's finding that ZURU Ltd. has standing to sue and that the other ZURU entities may remain as intervenors for the purpose of seeking a permanent injunction. Docket No. 370 at 5–12. Defendants disagree with the Magistrate Judge's conclusion that the relevant license agreement does not clearly grant each ZURU entity the right to sublicense such that it deprives ZURU Ltd. of standing as the exclusive licensee. *Id.* at 7–8.

Defendants also cite to *Novartis* in support of the conclusion that all ZURU entities must lack standing because each retains the right to sublicense. *Id.* at 8. Again, while the Delaware court's decision is not binding on this Court, the facts are also distinguishable. In *Novartis*, there was ultimately no dispute that Novartis Pharma AG ("NPAG")—the original named licensee— retained the right to sublicense. *Novartis*, 243 F. Supp. 3d at 542–43. Here, as the Magistrate Judge explained, ZURU Ltd. was repeatedly the only named licensee in the written license agreements. Docket No. 368 at 10–13. The Magistrate Judge further noted that even while the Second Amended License Agreement added other ZURU entities, "it retained the language of a singular 'Licensee' in the grant of rights in paragraph 2.1." *Id.* at 12 citing Doc. No. 355-5, at ¶ 2.1. Thus, the Magistrate Judge concluded that "the rights granted were granted to a collective whole—a singular unified 'Licensee'—that did not deprive ZURU Ltd. of its standing to sue by simply retaining the language on sublicensing." *Id.* Contrary to Defendants' suggestion, the Magistrate Judge did not rely on Plaintiffs' argument that the ZURU entities would never have granted a sublicense to a third party, but rather explained that the fact that they had not done so over the course of three years of contentious litigation was persuasive evidence of the fact that the individual sublicense rights claimed by Defendants to be contained in the Second Amended License Agreement were not granted. *Id.* at 14. Moreover, the Magistrate Judge found that the extrinsic evidence uniformly supported this conclusion. *Id.* at 13–14. The Court agrees with this conclusion.

Finally, Defendants object to the Magistrate Judge's conclusion that the remaining ZURU entities may remain in this action as intervenors for the sole purpose of seeking a permanent injunction. Docket No. 370 at 11. Defendants first attack Plaintiffs' procedural tactics for filing an amended complaint as opposed to a motion to intervene. *Id.* However, as the Magistrate Judge noted, the Magistrate Judge directed Plaintiffs to file an amended complaint so as to streamline

any potential standing issues for resolution as raised by the parties during the Court's status conference. Docket No. 368 at 15–16. Further, the Magistrate Judge did not conclude the remaining ZURU entities had standing to sue at the time of filing because that argument was not presented. Docket No. 368 at 15, n. 3. However, the Magistrate Judge found that the ZURU entities may presently remain in the case as intervenors for the limited purpose of seeking a permanent injunction. *Id.* The Magistrate Judge concluded that "allowing these parties to remain in this action avoids any possibility of duplicative litigation in the future." *Id.* The Court agrees. For these reasons, the Court **OVERRULES** Defendants' objections.

Therefore, the Court adopts the Report and Recommendation of the United States Magistrate Judge as the Order of this Court. All objections are **OVERRULED**. Defendants' Motion to Dismiss for Lack of Standing (Docket No. 355) is **DENIED**.

**SIGNED this 31st day of October, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE